UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV EARS, INC.,<br><br>                       Plaintiff,<br><br>    v.<br><br>SYK GROUP, LLC, LIBERTY HEALTH SUPPLY, LLC, TRUEDIO LLC, and SAM Y. Kim, and individual,<br><br>                       Defendants. | CASE NO. 16cv867-GPC(WVG)<br><br>**ORDER GRANTING DEFENDANTS SYK GROUP, LLC AND SAM Y. KIM'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING MOTION TO DISMISS FOR FAILING TO STATE A CLAIM AS MOOT**<br><br>[Dkt. No. 15.] |

Before the Court is Defendants SYK Group, LLC and Sam Y. Kim's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal jurisdiction. (Dkt. No. 15.) Alternatively, they move to dismiss the Complaint for failing to state a claim pursuant to Rule 12(b)(6). Plaintiff filed an opposition on September 30, 2016. (Dkt. No. 25.) A reply was filed on October 14, 2016. (Dkt. No. 27.) Based on the reasoning below, the Court GRANTS Defendants' motion to dismiss.

**Background**

Plaintiff TV Ears, Inc. ("TV Ears") is a Nevada corporation with its principal place of business located in Spring Valley, California. (Dkt. No. 1, Compl. ¶ 1.) In the late 1990's, Plaintiff designed and developed TV Ears headsets, an assistive listening

1  device designed for clear and distinct television listening and dialogue comprehension.
2  (Id. ¶¶ 13, 14.) TV Ears owns registered trademarks related to its products. (Id. ¶ 22.)
3  TV Ears is a top selling brand for TV listening devices and has been recommended by
4  doctors and audiologists in North America and Europe and is well recognized by the
5  relevant consuming public. (Id. ¶¶ 30, 31, 32.) Plaintiff alleges all Defendants
6  developed a business model to copy Plaintiff's product design, trademarks,
7  functionality, customer support materials, marketing materials and advertising model.
8  (Id. ¶ 34.) Defendants' "TrueDio Ears" products are a knock off of TV Ears'
9  headphone products. (Id. ¶ 40.)

10  Defendant Sam Y. Kim ("Kim") is an individual residing in Illinois. (Id. ¶ 2;
11  Dkt. No. 15-2, Kim Decl. ¶ 2.) Defendant SYK Group, LLC ("SYK Group") is a
12  limited liability company organized under the laws of the State of Illinois with its
13  principal place of business in Illinois with no other offices. (Dkt. No. 1, Compl. ¶ 3;
14  Dkt. No. 15-2, Kim Decl. ¶ 4.) Kim is the founder and Chief Executive Officer
15  ("CEO") and the sole member of SYK Group. (Dkt. No. 1, Compl. ¶ 6; Dkt. No. 15-2,
16  Kim Decl. ¶ 4.)

17  SYK Group is an investment and growth advisory group specializing in early
18  stage companies and internet commerce based business models and is an investor in
19  several such companies including Defendants Liberty Health Supply, LLC ("Liberty
20  Health) and TrueDio, LLC ("TrueDio"). (Dkt. No. 15-2, Kim Decl. ¶ 5.) Defendant
21  Liberty Health is an Illinois limited liability company with its principal place of
22  business in Libertyville, Illinois. (Id. ¶ 6.) Kim founded Liberty Health in February
23  2011 and is its CEO. (Id.) Kim and his wife are currently the sole members of Liberty
24  Health. (Id.) Liberty Health is an online distributor and retailer of dependable
25  solutions to protect, assist, and enhance the lives of individuals seeking to lead an
26  active, independent lifestyle, including individuals in need of assistive devices and
27  solutions for help with hearing, visual, or mobility loss. (Id. ¶ 7.) Liberty Health offers
28  over 4,000 products that span across many health and wellness categories such as

- 2 -                                                                                    [16cv867-GPC(WVG)]

audio, visual, mobility, sports and fitness. (Id.) Liberty Health advertises, markets and sells products to customers in all 50 states, including California. (Id.)

Defendant TrueDio was founded by Kim in September 2013 and is an Illinois limited liability company with its principal place of business is in Libertyville, Illinois and Kim is the sole member. (Id. ¶ 8.) TrueDio is an e-commerce electronics retailer and "private label OEM of television and audio assistive products." (Id. ¶ 9.) TrueDio advertises, markets and sells products to customers in all 50 states, including California. (Id.)

Kim does not receive any money directly from customers who purchase goods or services from Liberty Health or TrueDio. (Id. ¶ 18.) He does not have an office in California, does not maintain any books or records in California, does not have any bank accounts or other tangible personal or real property in California, and does not pay income or other taxes in California. (Id. ¶¶ 20, 21, 22.) He does not conduct or transact any business in California, other than in his capacity as an officer and/or representative of Liberty Health, TrueDio, or SYK Group's other portfolio companies. (Id. ¶ 19.) His only contacts with California outside of his capacity as an officer and/or representative of these companies include a vacation every couple of years. (Id. ¶ 23.)

The Complaint alleges six causes of action of cybersquatting pursuant to 15 U.S.C. 1125(d); trademark infringement; trade dress infringement; federal unfair competition and false designation; federal dilution by blurring; and California unfair competition. (Dkt. No. 1, Compl.) An answer was filed by Defendants Liberty Health and TrueDio. (Dkt. No. 16.) Defendants SYK Group and Kim filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, motion to dismiss for failing to state a claim.

In its opposition Plaintiff does not dispute and concedes that the Court does not have jurisdiction over Defendant SYK Group. According, the Court GRANTS Defendant SYK Group's motion to dismiss as unopposed. Therefore, the remaining issue is whether the Court has personal jurisdiction over non-resident Defendant Kim.

**A.     Legal Standard on Personal Jurisdiction**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." In re Western States Wholesale Natural Gas Antitrust Litigation v. Oneok, Inc., 715 F.3d 716, 741 (9th Cir. 2013). If the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Bryton Purcell LLP v. Recordon & Recordon, 575 F.3d 981, 985 (9th Cir. 2009). On a prima facie showing, the court resolves all contested facts in favor of the non-moving party. In re Western States, 715 F.3d at 741; AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (if conflicted facts are contained in the parties' affidavits, the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case of personal jurisdiction has been established.) At the same time, however, the plaintiff cannot establish jurisdiction by alleging bare jurisdictionally-triggering facts without providing some evidence of their existence. Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (quoting Amba, 551 F.2d at 787.)

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." Marvix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). California's long-arm statute is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1976) (quoting Threlkeld v. Tucker, 496 F.2d 1101, 1103 (9th Cir. 1974)). As such, the Court need only consider the requirements of due process. Due process requires that nonresident defendants have "minimum contact" with the forum state "such that the

maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either "general" or "specific." See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984).

**B.  General Personal Jurisdiction over Defendant Kim**

Kim argue that this Court lacks general personal jurisdiction over him because he lacks sufficient contacts to support general jurisdiction. In response, Plaintiff asserts that the Court has continuous and systematic business contacts with California through his alter egos, Defendants TrueDio and Liberty Health, who concede that the Court has general jurisdiction over them.

A court may exercise general jurisdiction over a nonresident defendant when he is domiciled in the forum state or his activities in the forum are "substantial" or "continuous and systematic." Panvision Internat'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, we consider their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011) (citations and internal quotation marks omitted).

Here, Kim is domiciled in Illinois and has never lived in California. (Dkt. No. 15-2, Kim Decl. ¶ 2.) He asserts that all his dealings with or in California have all been in his capacity as an officer and/or representative of Liberty Health or TrueDio. (Id. ¶ 19.) He does not maintain an office in California, does not maintain any books or records in California, does not pay income or other taxes in California and does not have any bank accounts or other personal or real property in California. (Id. ¶¶ 20, 21, 22.) He occasionally vacations in California every couple of years. (Id. ¶ 23.) In response, Plaintiff does not argue that the Court has general jurisdiction over Kim based on his own personal contacts in California and presents no facts that his contacts are substantial or continuous and systematic with the forum. Therefore, Plaintiff has

not demonstrated that the Court has general jurisdiction over Kim based on his direct contacts.

Instead, Plaintiff argues that general jurisdiction over Kim is proper based on alter ego theory of liability. Kim contends that Plaintiff cannot rely on conclusory alter ego allegations to create personal jurisdiction as to him even if there is jurisdiction over Defendants TrueDio and Liberty Health.

"The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are subject to jurisdiction as well." NuCal Foods, Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 996 (E.D. Cal. 2012) (citation omitted). "For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." Id. However, if a plaintiff shows that a defendant corporation is the alter ego of an individual defendant such that the corporate form may be disregarded, then a finding of personal jurisdiction over one supports a finding of personal jurisdiction over the other. Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1393-94 (9th Cir. 1984) (concluding that the California court had personal jurisdiction over two individual defendants from New York, and therefore also had personal jurisdiction over thirteen corporations and partnerships from New York that were the alter egos of the two individual defendants but otherwise had no ties to California).

For the alter ego doctrine to apply, a plaintiff "must make out a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" Ranza v. Nike, Inc., 793 F.3d 1059, 1073 (9th Cir. 2015) (quoting Doe v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001)).

The "unity of interest and ownership" factor requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." Id. (citation omitted). "This test envisions pervasive control over the

subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business - from broad policy decisions to routine matters of day-to-day operation." Id. (internal quotation marks omitted).

However, when the evidence only reveals "an active parent corporation involved directly in decision-making about its subsidiaries' holdings," while each entity "observe[s] all of the corporate formalities necessary to maintain corporate separateness" the "unity of interest and ownership" factor is not met. Unocol, 248 F.3d at 928. "Total ownership and shared management personnel are alone insufficient to establish the requisite level of control." Ranza, 793 F.3d at 1073 (citing Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1135 (9th Cir. 2003)). In AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996), the Ninth Circuit noted that in Flynt, a prima facie showing of alter ego relationship was made by submitting affidavits indicating the "two sole shareholders of several corporations had converted corporate assets for their own use, had dealt with the various corporations as if they were one, and had transferred assets among the corporations, leaving some of them undercapitalized." Id. (citing Flynt, 734 F.2d at 1393-94). In AT&T, the Ninth Circuit noted that the relationship between the two entities resembled a normal parent-subsidiary relationship; therefore, there was no alter ego relationship. Id. In Ranza, the court stated that while the evidence demonstrated that the parent corporation was active in macro management issues, there was no evidence that the parent corporation directed the subsidiary's routine day to day operations and nothing to show that the entities failed to observe their separate corporate formalities; thus, there was no alter ego relationship. Ranza, 793 F.3d at 1075.

In this case, Plaintiff relies solely on the summary allegation in the Complaint that "Defendants were working at the direction of each other, and for their individual and mutual benefit," (Dkt. No. 1, Compl. ¶ 10), and Kim's declaration filed in support of his motion to dismiss, to argue that because Kim is the officer, owner, and operator of Liberty and TrueDio, (Dkt. No. 25, Kim Decl. ¶ 19), and has vacationed in

California, (Id. ¶ 23), he has complete ownership over Defendants TrueDio and Liberty Health; therefore there is both unity of interest and ownership and that injustice would result if he is not held liable for trademark infringement by TrueDio and Liberty Health. Plaintiff urges the Court to make an inference of alter ego relationship based on these two allegations.

On a motion to dismiss based on personal jurisdiction, a plaintiff cannot "simply rest on the bare allegations of its complaint." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (quoting Amba, 551 F.2d at 787). While a prima facie showing of personal jurisdiction is only required, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007) (citations omitted). In Amba, the Ninth Circuit asserted that the plaintiff "could not simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Amba, 551 F.2d at 787. Moreover, disregarding the corporate entity is an extreme remedy which will be done only in exceptional circumstances. Calvert v. Huckins, 875 F. Supp. 674, 678 (1995). Therefore, plaintiffs who invoke the alter ego theory to assert personal jurisdiction has a "slightly higher burden." Id.

Here, Plaintiff has failed to come forth with any evidence to support either factor of the alter ego test, and therefore, has failed to make a prima facie showing of alter ego relationship between Kim and Liberty Health and/or TrueDio. While the Court is to draw all reasonable inferences in favor of Plaintiff on a motion to dismiss, it has not provided any factual basis for the Court to make an inference to support an alter ego relationship.

Plaintiff also argues that a party may consent to a court's jurisdiction through a forum-selection clause even in the absence of minimum contacts and cites to Lusa Lighting, Inc. v. Lowe's Companies, Inc., No. CV08-3596-DOC-MLGX, 2008 WL

4381573, at *2 (C.D. Cal. Sept. 24, 2008). It may be correct that TrueDio has expressly stated that venue shall be in California for any claims against it, (Dkt. No. 1, Comp. ¶ 8; Dkt. No. 1-2, Compl., Ex. 1), the website does not say anything about Kim. Lusa Lighting does not address whether a company's CEO is subject to personal jurisdiction by virtue of the company's forum selection clause.

The Court concludes it does not have general personal jurisdiction over Kim.

**C.    Specific Personal Jurisdiction over Defendant Kim**

Kim next argues that this Court lacks specific jurisdiction over him because Plaintiff has not alleged any conduct that he targeted California consumers or purposefully directed his allegedly wrongful conduct at California residents, and he did not direct any of the alleged infringing actions of TrueDio and Liberty Health. In response, Plaintiff asserts that the elements of the effects test in Calder v. Jones, 465 U.S. 783 (1984) has been met, and also on another theory, Kim is subject to specific personal jurisdiction because he personally directed TrueDio and Liberty Health to commit trademark infringement.

Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414 n. 8. The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation." Walden v. Riore, 134 S. Ct. 1115, 1121 (2014). Specific jurisdiction is limited to ruling on "issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires, 131 S. Ct. at 2851 (citation omitted).

The Ninth Circuit conducts a three-prong test to determine whether a non-resident defendant is subject to specific personal jurisdiction,

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). "A purposeful availment analysis is most often used in suits sounding in contract," while a "purposeful direction analysis . . . is most often used in suits sounding in tort." Id. For tort claims, such as trademark infringement, a "purposeful direction" test looks "to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." Id. (citing Schwarzenegger, 374 F.3d at 802-03). The plaintiff bears the burden of satisfying the first two prongs and then the burden shifts to the defendant to make a "compelling case" that the third part has not been met. Schwarzenegger, 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal citations and quotations omitted).

The Ninth Circuit applies the three part purposeful direction test enunciated in Calder v. Jones for trademark infringement actions. See Nissan Motor Co. v. Nissan Computer Corp., 246 F.3d 675, 675 (9th Cir. 2000). Under the three-part Calder "effects" test to evaluate purposeful direction, Plaintiff must establish that the defendant allegedly "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing Calder v. Jones, 465 U.S. 783 (1984)).

An intentional act for purposes of the effects test is "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." Wash. Shoe Co. v. A–Z Sporting Goods, Inc., 704 F.3d 668, 674 (9th Cir. 2012); Schwarzenegger, 374 F.3d at 806 (an intentional act "refers to an intent to perform an actual, physical act in the real world.").

In its opposition, Plaintiff argues that Kim "committed an intentional act of specifically targeting and using Plaintiff's registered TV EARS trademark to promote

TrueDio Ears, which infers intentional trademark infringement based upon Plaintiffs' much earlier use of the TV EARS marks (Compl. ¶¶ 13, 14[1])". (Dkt. No. 25 at 15.) Kim argues that are no allegations or evidence that he specifically targeted California consumers or expressly aimed his purported wrongful conduct at California residents. The Court agrees. Nowhere in the Complaint or in its opposition do Plaintiff provide any factual support for its argument in opposition. The Complaint only alleges that Kim resides in Illinois, is the founder and CEO of Liberty, and SYK owns and operates TrueDio and Liberty at the direction of Kim. (Dkt. No. 1. Compl. ¶¶ 2, 6, 7.) While there are allegations of trademark infringement, these allegations are lumped together as "Defendants" and do not allege an intentional act by Kim. Plaintiff's citation to paragraphs 13 and 14 of the Complaint do not support its allegation that Kim committed an intentional act. Accordingly, Plaintiff has failed to allege that Kim committed an intentional act.

Because the Complaint does not provide any specific facts concerning the alleged trademark infringement by Kim, and Plaintiff has not submitted any evidence in support of its opposition, the next two factors to support purposeful direction of expressly aiming at the forum state and causing harm that the defendant knows is likely to be suffered in the forum state are also not supported.

Because Plaintiff has not met the first factor to support a claim for specific personal jurisdiction, the Court need not address the other two factors. See Schwarzenegger, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of the [first two] prongs, personal jurisdiction is not established in the forum state.")

Next, under another theory to support specific personal jurisdiction, Plaintiff argues that Kim, as the founder, CEO and/or sole member and operated Defendants Liberty Health and True Dio, directed these Defendants to commit trademark

---

[1] Paragraph 13 of the Complaint states, "Plaintiff's owner, George Dennis, came up with the idea for TV EARS when his father began losing his hearing in the early 90's", (Dkt. No. 1, Compl. ¶ 13), and Paragraph 14 states, "in late 1990, Mr. Dennis developed a cost-effective wireless 'assistive listening device' designed for clear and distinct television listening and dialogue comprehension." (Id. ¶ 14.)

1  infringement. Kim argues that Plaintiff has not presented any allegations or facts that
2  he directed any of the alleged conduct by TrueDio and Liberty Health.

3        In <u>Davis</u>, the Ninth Circuit held the district court's assertion of personal
4  jurisdiction over non-resident stockholder defendants comported with due process.
5  <u>Davis v. Metro Prods., Inc.</u>, 885 F.2d 515, 523 (9th Cir. 1989). In support of its ruling,
6  it relied on a First Circuit case, where the court stated that "cases which have found
7  personal liability on the part of corporate officers have typically involved instances
8  where the defendant was the 'guiding spirit' behind the wrongful conduct . . . or the
9  'central figure' in the challenged corporate activity." <u>Id.</u> at 523 n. 10 (quoting <u>Escude</u>
10 <u>Cruz v. Ortho Pharm. Corp.</u>, 619 F.2d 902, 907 (1st Cir. 1980)). Based on the Ninth
11 Circuit's ruling in <u>Davis</u>, California district courts have asserted personal jurisdiction
12 over a nonresident corporate officer when the corporate officer "is the primary
13 participant in the alleged wrongdoing or had control of and direct participation in the
14 alleged activities." <u>Allstar Mktg. Group, LLC v. Your Store Online, LLC</u>, 666 F.
15 Supp. 2d 1109, 1120 (C.D. Cal. 2009) (citation and internal quotation omitted) (citing
16 cases). Under this theory, each defendant's contacts with the forum state must be
17 examined individually to determine whether that defendant has sufficient minimum
18 contacts to support a finding of jurisdiction. <u>Davis</u>, 885 F.2d at 522.

19       In <u>Silverlit Toys Manufactory, Ltd. v. Absolute Toy Mktg., Inc.</u>, No. 06-7966
20 CW, 2007 WL 521239, at *9-10 (N.D. Cal. 2007), the defendant moved to dismiss the
21 individual nonresident defendants based on lack of personal jurisdiction in a trademark
22 and copyright infringement case. <u>Id.</u> at 8. The issue was whether the individual
23 defendants were the moving force behind the infringing activity. <u>Id.</u> The plaintiff
24 provided evidence, by attaching a Company Fact Sheet published in November 2006,
25 that one of the defendants was a manager in the company. <u>Id.</u> at 9. While this fact was
26 disputed by the defendant, the court resolved the conflict in plaintiff's favor and denied
27 the motion to dismiss for lack of personal jurisdiction. <u>Id.</u> As to the other defendant,
28 the plaintiff provided evidence that the defendant made misleading statements about

the infringing product's sales in a press release which was sufficient to establish he was a "moving active force behind the alleged infringement even if he was unaware that his actions were improper." Id.

Here, there are no specific allegations concerning Kim in the Complaint, except explaining who he is, and all allegations concerning the alleged wrongful conduct are lumped together as "Defendants." (See Dkt. No. 1, Compl.) Furthermore, Plaintiff presents no evidence to support an allegation that Kim was the moving force behind the alleged infringement. Merely being a founder, CEO and/or sole member of Liberty Health and TrueDio is not sufficient to make prima facie showing that Kim personally participated and encouraged sales of alleged infringing products in California. See Allstar, 666 F. Supp. 2d at 1121 (defendants were the moving force behind the infringing product based on the plaintiff's allegation that they "personally participated and encouraged the sales of allegedly infringing products in this district"). Accordingly, the Court concludes it does not have specific personal jurisdiction over Kim.

In sum, the Court GRANTS Defendant Kim's motion to dismiss for lack of personal jurisdiction. Because the Court dismisses Kim as a Defendant in this case, the Court DENIES Defendant's motion to dismiss for failure to state a claim as moot.

## Conclusion

Based on the above, the Court GRANTS Defendants SYK Group, LLC and Sam Y. Kim's motion to dismiss for lack of personal jurisdiction. The Court also DENIES Defendants' motion to dismiss for failure to state a claim as moot. The hearing set on October 28, 2016 shall be **vacated.**

IT IS SO ORDERED.

DATED: October 26, 2016

HON. GONZALO P. CURIEL
United States District Judge