# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV EARS, INC.,<br><br>　　　　　　Plaintiff,<br>　v.<br>SYK GROUP, LLC, LIBERTY HEALTH SUPPLY, LLC, TRUEDIO LLC, and SAM Y. Kim, and individual,<br><br>　　　　　　Defendants. | CASE NO. 16cv867-GPC(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[Dkt. No. 34.] |

Before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. No. 34.) Defendants filed an opposition on December 9, 2016. (Dkt. No. 36.) A reply was filed on December 16, 2016. (Dkt. No. 39.) Based on the reasoning below, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.

## Background

Plaintiff TV Ears, Inc. ("TV Ears") is a Nevada corporation with its principal place of business located in Spring Valley, California. (Dkt. No. 1, Compl. ¶ 1.) In the late 1990's, Plaintiff designed and developed TV Ears headsets, an assistive listening device designed for clear and distinct television listening and dialogue comprehension. (Id. ¶¶ 13, 14.) TV Ears owns registered trademarks related to its products. (Id. ¶ 22.) TV Ears is a top selling brand for TV listening devices and has been recommended by doctors and audiologists in North America and Europe and is well recognized by the

relevant consuming public. (Id. ¶¶ 30, 31, 32.) Plaintiff alleges all Defendants developed a business model to copy Plaintiff's product design, trademarks, functionality, customer support materials, marketing materials and advertising model. (Id. ¶ 34.) Defendants' "TrueDio Ears" products are a knock off of TV Ears' headphone products. (Id. ¶ 40.)

Defendant Sam Y. Kim ("Kim") is an individual residing in Illinois. (Id. ¶ 2; Dkt. No. 15-2, Kim Decl. ¶ 2.) Defendant Liberty Health Supply, LLC ("Liberty Health) is an Illinois limited liability company with its principal place of business in Libertyville, Illinois. (Id. ¶ 6.) Kim founded Liberty Health in February 2011 and is its CEO. (Id.) Kim and his wife are currently the sole members of Liberty Health. (Id.) Liberty Health is an online distributor and retailer of dependable solutions to protect, assist, and enhance the lives of individuals seeking to lead an active, independent lifestyle, including individuals in need of assistive devices and solutions for help with hearing, visual, or mobility loss. (Id. ¶ 7.) Liberty Health offers over 4,000 products that span across many health and wellness categories such as audio, visual, mobility, sports and fitness. (Id.) Liberty Health advertises, markets and sells products to customers in all 50 states, including California. (Id.)

Defendant TrueDio, LLC ("TrueDio") was founded by Kim in September 2013 and is an Illinois limited liability company with its principal place of business in Libertyville, Illinois and Kim is the sole member. (Id. ¶ 8.) TrueDio is an e-commerce electronics retailer and "private label OEM of television and audio assistive products." (Id. ¶ 9.) TrueDio advertises, markets and sells products to customers in all 50 states, including California. (Id.)

Kim does not receive any money directly from customers who purchase goods or services from Liberty Health or TrueDio. (Id. ¶ 18.) He does not have an office in California, does not maintain any books or records in California, does not have any bank accounts or other tangible personal or real property in California, and does not pay income or other taxes in California. (Id. ¶¶ 20, 21, 22.) He does not conduct or transact

any business in California, other than in his capacity as an officer and/or representative of Liberty Health or TrueDio's other portfolio companies. (Id. ¶ 19.) His only contacts with California outside of his capacity as an officer and/or representative of these companies include a vacation every couple of years. (Id. ¶ 23.)

The Complaint alleged six causes of action of cybersquatting pursuant to 15 U.S.C. 1125(d); trademark infringement; trade dress infringement; federal unfair competition and false designation; federal dilution by blurring; and California unfair competition. (Dkt. No. 1, Compl.) An answer was filed by Defendants Liberty Health and TrueDio. (Dkt. No. 16.)

On August 19, 2016[1], Defendant Kim filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, motion to dismiss for failing to state a claim. On October 19, 2016 the Court granted Defendant Kim's motion to dismiss for lack of personal jurisdiction. (Dkt. No. 30.) Specifically, the Court concluded that it did not have general personal jurisdiction over Kim. (Id. at 9.) The Court also held that it did not have specific personal jurisdiction over Kim because the complaint failed to allege facts any facts that Kim committed an intentional act of targeting and using Plaintiff's registered trademark to promote his business, that the intentional act was expressly aimed at the forum state and harm that the defendant knows is likely to be suffered. (Id. at 10.) The Court also held that under an alternate theory argued by Plaintiff, it had not sufficiently alleged that Kim was "guiding spirit" behind the wrongful conduct. (Id. at 12-13.)

In its motion for leave to amend, Plaintiff seeks to add facts to support personal jurisdiction over Kim and attaches a copy of the proposed amended complaint. (Dkt. No. 34-1, P's Mot., Ex. 2.) Defendant Kim opposes.

/ / / /

/ / / /

---

[1] Defendant SYK Group, LLC also moved to dismiss for lacks of personal jurisdiction. Since Plaintiff did not oppose the motion, the Court granted SYK Group, LLC's motion to dismiss. (Dkt. No. 30.)

## Discussion

**A.  Legal Standard Under Federal Rule of Civil Procedure 15(a)**

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading may be allowed by leave of the court and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [four] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Of the five factors, Defendants solely argue that the amendment would be futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); Utterkar v. Ebix, Inc., Case No. 14cv2250-LHK, 2015 WL 5027986,

at *3 (N.D. Cal. Aug. 25, 2015).

Defendants argue that because the Court lacks jurisdiction over Kim and the facts alleged in the proposed amended complaint do not cure the deficiencies the Court noted in its prior order, leave to amend should be denied as it would be futile. They contend that the proposed amended complaint contains unsupported and conclusory allegations based on "information and belief." In response, Plaintiff argues that it has sufficiently alleged facts to meet the pleading standard under Rule 8.

The proposed amended complaint clarifies and presents additional allegations the Kim committed an intentional act and that he was the "guiding light" behind the alleged infringement. (Dkt. No. 34-1.) These additional facts may be sufficient to support specific personal jurisdiction over Kim. See Telebrands Corp. v. GMC Ware, Inc., Case No. CV 1503121 SJO (JCx), 2016 WL 6237914, at *6 (Apr. 5, 2016) (allegation that Li, as president of GMC, is a "moving, active force behind the alleged infringement . . . capable of exercising sufficient control to subject [her] to jurisdiction" was sufficient to make a prima facie showing of specific jurisdiction); see also Silverlit Toys Manufactory, Ltd. v. Absolute Ttoy Mktg., Inc., No. 06-7966 CW, 2007 WL 521239, at 9-10 (N.D. Cal. Feb. 15, 2007).

District courts in the Ninth Circuit have held that allegations in a complaint based on "information and belief" are sufficient to survive a motion to dismiss as long as there is some plausible basis to support a cause of action. See Bernstein v. Health Net Life Ins. Co., Case No. 12cv717-AJB(JMA), 2013 WL 12095240, at *4 (S.D. Cal. Apr. 4, 2013) (citing Hightower v. Tilton, No. C08-1129-MJP, 2012 WL 1194720, at *3 (E.D. Cal. Apr. 10, 2012) ("facts pled 'on information and belief' can survive a motion to dismiss so long as the plaintiff pleads sufficient facts to make the claims plausible under Iqbal-Twombly[2]")). In this case, the allegations concerning an intentional act committed by Kim and that he was the "guiding light" which are based on "information and belief"

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

have some plausible basis since the proposed amended complaint alleges that Kim is the founder of Liberty Health and True Dio and is the sole member of TrueDio. These allegations create a reasonable inference that Kim was the moving force behind the alleged infringement and that he intentionally acted to commit such alleged infringement.

The Court concludes that leave to amend the complaint would not be futile. Defendants do not dispute the other four factors. Accordingly, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. The proposed amended complaint shall be filed within five days of the filing of the Court's order. The hearing set on January 6, 2017 shall be **vacated.**

IT IS SO ORDERED.

Dated: December 19, 2016

Hon. Gonzalo P. Curiel
United States District Judge