UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV EARS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SYK GROUP, LLC, et al, <br><br> Defendants. | Case No.: 16-CV-867-GPC-WVG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO MODIFY SCHEDULING ORDER** <br><br> **[ECF No. 49]** |

Present before the Court is the parties Joint Motion to Modify the Scheduling Order requesting the Court continue all currently set deadlines by forty-five days and to set a settlement conference within thirty days. (ECF No. 49.) For good cause shown, the Court GRANTS in part and DENIES in part the parties Motion and hereby **ORDERS**:

1. A Settlement Conference shall be conducted on March 30, 2017, at 9:00 a.m. in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit settlement statements **directly to chambers** no later than March 27, 2017. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement**

**conference briefs shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion.  Settlement conference briefs shall comply with the undersigned's Chambers Rules.**  The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  For good cause, and on ex parte application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference.  Failure to attend the conference or participate in good faith or obtain proper excuse will be considered grounds for sanctions.  Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel.  The Court will consider formal, written *ex parte* requests to

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

continue a Settlement Conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

2. All discovery dates regarding fact and expert discovery are stayed pending the outcome of the above scheduled settlement conference. All other dates set forth in the Court's Scheduling Order, (ECF No. 38,) remain in unchanged.

**IT IS SO ORDERED.**

Dated: March 22, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge